UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 1:14-CR-106-DMB-DAS

JASON MARK LAWRENCE

## MOTION IN LIMINE AND MISCELLANEOUS RELIEF

COMES NOW the United States of America by and through the United States Attorney for the Northern District of Mississippi and moves the Court in limine as hereinafter set forth.

On Tuesday evening January 19, 2016, defense counsel posted the attached exchange on her Facebook account.   While she has every right to criticize a current or former U. S. Attorney and question the qualifications of an appointee for the state appellate bench, her Facebook exchange raises two concerns.   First, the government moves in limine to preclude any reference to selective prosecution before the jury.   Selective prosecution is an issue which is properly brought before the Court in a motion to dismiss.   It is not an issue for the jury to hear or decide.   A selective prosecution claim is not a defense on the merits to the criminal charge itself, but rather it is an independent assertion to the Court that the prosecutor has brought the charge for reasons forbidden by the Constitution.   United States v. Armstrong, 517 U.S. 456, 465, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996).   Selective prosecution, if based on improper motives, can violate the equal protection clause of the fourteenth amendment.   Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 466 (1962).   In order to make out a claim of selective prosecution the defendant must show: first, that others similarly situated generally have not been prosecuted; and second, that the Government's prosecution of him is selective, invidious, in bad faith or based on impermissible considerations such as race, religion, or his exercise of constitution rights.   United States v. Kahl,

583 F.2d 1351, 1353 (5th Cir. 1978), citing <u>United States v. Johnson</u>, 577 F.2d 1304, 1308 (5th Cir. 1978); <u>United States v. Murdock</u>, 548 F.2d 599, 600 (5th Cir. 1977).   The defendant has not satisfied these requirements.

 In the case sub judice, the five archeological resources and cultural items at issue were sold to Perry Knowles and Brian Keith Sawyer, both of whom have pled guilty in federal court (1:14CR00105-DMV-DAS-1 and 1:14CR00105-DMV-DAS-2).   The buyers in this case were prosecuted and no one is being prosecuted for constitutionally impermissible reasons. Accordingly, a motion to dismiss for selective prosecution would in the Government's estimation not be well taken, but in any event it is not a jury issue but rather a determination for the Court. For that reason, the Government would request that counsel opposite be precluded from any mention of or reference to selective prosecution before the jury.

 The second issue involves jury selection and in that regard the Government respectfully requests that the Court in its voir dire ask the potential jurors if they have read or heard about any social media comments on the case.

 This the 21st day of January, 2016.

     Respectfully submitted,

     FELICIA C. ADAMS
     United States Attorney
     MS Bar No. 1049

     By: /s/ *Michael Hallock*
     MICHAEL HALLOCK
     Assistant United States Attorney
     IL Bar No. 6296667
     DC Bar No. 994478
     900 Jefferson Avenue
     Oxford, MS   38655
     Michael.hallock@usdoj.gov
     662-234-3351

## <u>CERTIFICATE OF SERVICE</u>

I, Michael Hallock, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **MOTION IN LIMINE AND MISCELLANEOUS RELIEF** with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Christi McCoy     mccoylawfirm@gmail.com; mccoylaw@avsia.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

NONE

This the 21st day of January, 2016.

/s/ Michael Hallock
 MICHAEL HALLOCK
Assistant United States Attorney