IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                  NO. 1:14-CR-00106

JASON MARK LAWRENCE

## ORDER DENYING MOTION TO EXCLUDE

Before the Court is Defendant Jason Mark Lawrence's Motion to Exclude Expert Testimony. Doc. #21. For the reasons below, the motion will be denied.

## I
## Procedural History

On November 9, 2015, United States Magistrate Judge S. Allan Alexander issued a Scheduling Order providing, in relevant part, that "[a]ll discovery shall be completed by November 23, 2015 and [a]ll pretrial motions shall be completed by November 30, 2015." Doc. #11. On December 14, 2015, this Court, acting on Defendant's motion, continued trial from December 28, 2015, until January 25, 2016. Doc. #15. In its order continuing trial, the Court extended the deadline for filing pre-trial motions through and until December 28, 2015. *Id*. The Court did not extend the discovery deadline. *Id*.

On January 25, 2016, on the morning of trial, Defendant filed a "Motion to Exclude Expert Testimony." Doc. #21. In his motion, Defendant seeks to exclude the proposed expert testimony of Matt Grunewald on the grounds that the Government failed to properly disclose Grunewald pursuant to Rule 16 of the Federal Rules of Criminal Procedure when it failed to supply Grunewald's curriculum vitae ("CV") to Defendant. *Id*. To this end, Defendant represents that he first received notice of the potential of Grunewald testifying when, in a

December 7, 2015, e-mail from an Assistant United States Attorney to Defendant's counsel, the Government's attorney wrote:

> As a supplement to my previous correspondence, I wanted to list an additional potential expert witness. The government would identify Matt Grunewald, district archaeologist with the U.S. Army Corps of Engineers, stationed in Mobile, as another potential expert. I believe you may have seen Mr. Grunewald's name in the ADIA report, as he was one of the archaeologists that inspected the Chief's Mound site. Mr. Grunewald would be expected to testify to matters set for [sic] in the ADIA report, simply, and most importantly, that the items at issue are archaeological resources as defined by the statute, and that the value of the items, or the damage to the land, exceeds $1,000.00.

Doc. #21 at 3. The motion states that, at the time of filing on January 25, 2016, the Government had failed to provide to Defendant Grunewald's CV, despite Defendant's counsel requesting the document on January 22, 2016.

On the morning of trial on January 25, 2016, the Court heard oral argument regarding the motion to exclude. During oral argument, counsel for Defendant represented she received a copy of Grunewald's CV sometime after filing the motion. Also at argument, counsel for the Government submitted that, while the Grunewald CV was supplied to Defendant that morning, the Government had gone "over and beyond" its disclosure requirements by twice inviting Defense counsel to look at any document in the Government's possession that possibly related to this case.

## II
## Analysis

Although the motion to exclude focuses on the Government's alleged failure to comply with relevant discovery rules, the motion wholly fails to address Defendant's own failure to abide by this Court's modified scheduling order, which set a December 28, 2015, deadline for all pre-trial motions. This omission compels denial of the motion.

2

Pursuant to the Local Rules of this Court, "[a]ny motion filed beyond the motion deadline imposed by the magistrate judge in a scheduling order may be denied because the motion is filed untimely." U.L. Cr. R. 47(H). Independent of this rule-based authority, a court is well-within its discretion to deny a motion in limine[1] as untimely. *See United States v. Simmons*, 431 F.Supp.2d 38, 74 (D.D.C. 2006) ("defendant … filed a renewed motion in limine … but because it was untimely, the Court was under no obligation to consider it") (emphasis omitted). However, a court may sua sponte extend a deadline "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). Alternatively, where an untimely motion raises "a defect in instituting the prosecution," "a defect in the indictment or information," "suppression of evidence," "severance of charges or defendants" or "discovery under Rule 16," such motion (also called a Rule 12(b)(3) motion) may be considered upon a showing of good cause. *See* Fed. R. Crim. P. 12(c)(3).

Here, there is no question Defendant filed his motion to exclude nearly a month after the December 28, 2015, pretrial motion deadline. Therefore, the motion should be denied unless it may be characterized as a Rule 12(b)(3) motion and the delay for filing is attributable to good cause; or, if the motion is not a Rule 12(b)(3) motion, the delay is attributable to excusable neglect.

First, Defendant's motion does not implicate any of the first four types of Rule 12(b)(3) motions.[2] While it is arguable that the motion to exclude could qualify as an objection under Rule 16, and thus fall under the fifth category of Rule 12(b)(3) motions, the Court declines to

---

[1] Although framed as a "Motion to Exclude," counsel for Defendant clarified at oral argument that the motion was intended as a motion in limine.

[2] The motion to exclude does not raise any constitutional concerns and is, therefore, not a motion to suppress. *See United States v. Barnes*, No. 3:09-cr-0001, 2014 WL 1347080, at *2 (D. Alaska Mar. 7, 2014) ("The hallmark of a motion to suppress is an allegation that the government procured the subject evidence in violation of the Constitution.") (collecting authorities).

reach this issue because Defendant's failure to offer *any* justification for his late filing compels the denial of its consideration even under the more lenient good cause standard. *See United States v. Wolf*, No. CR 15-49, 2015 WL 6440841, at *3 (D. Mont. Oct. 21, 2015) ("Wolf has failed to provide the Court with a legitimate explanation, let alone good cause, for the lateness of his motion [in limine].") (citation omitted). Thus, because Defendant has failed to establish grounds for consideration of his untimely motion,[3] such motion is denied.[4]

## III
## Conclusion

For the reasons above, Defendant's motion to exclude [21] is **DENIED** as untimely.

**SO ORDERED**, this 26th day of January, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] At hearing, Defendant asked for the exclusion of additional expert testimony on the same grounds stated in the motion; but that request is also denied for the same reasons stated herein.

[4] In reaching this conclusion, the Court notes that the identification of Grunewald as a "potential" expert does not excuse the late filing of the motion. Pursuant to Rule 16, the Government need only identify experts it "intends to use … during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). Accordingly, the December 7, 2015, disclosure of Grunewald by the Government should have placed Defendant on notice of the need to pursue relevant discovery and, if needed, to file a motion compelling such discovery. Even if the use of the word "potential" did not put Defendant on notice of Grunewald's status as a noticed-expert, good cause (or excusable neglect) for an extension is still absent. Defendant concedes that on January 22, 2016, the Government identified Grunewald as *the* expert that would be called at trial. *See* Doc. #21 at 3. Notwithstanding this notice, Defendant waited until *the morning of trial* to file his motion. No explanation has been offered for this delay.